# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: AUTO BODY SHOP ANTITRUST LITIGATION**                    MDL No. 2557

## TRANSFER ORDER

**Before the Panel**:[*] Plaintiff in the action listed on Schedule A (*State of Louisiana*) moves under Panel Rule 7.1 to vacate our order conditionally transferring the action to MDL No. 2557. Defendants State Farm Fire and Casualty Company, State Farm General Insurance Company, and State Farm Mutual Automobile Insurance Company (collectively, State Farm) oppose the motion and support transfer of *State of Louisiana*.

After considering the argument of counsel, we find that the *State of Louisiana* action shares common questions of fact with the actions previously transferred to MDL No. 2557, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Like many of the already-centralized actions, this action alleges industry-wide conduct involving State Farm and other insurers to suppress the reimbursement rates applicable to automobile collision repair shops, including complex issues concerning the role of "direct repair programs" in furtherance of the alleged scheme. *See In re: Auto Body Shop Antitrust Litig.*, — F. Supp. 3d —, 2014 WL 3908000, at *1-2 (J.P.M.L. Aug. 8, 2014).

Plaintiff State of Louisiana does not dispute that its action shares questions of fact with MDL No. 2557, but rather argues principally that its action was improperly removed, and its motion for remand to state court should be decided by the transferor court. The Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiff can present such arguments to the transferee judge.[1] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Indeed, after plaintiff filed the motion to vacate, the court stayed the action pending the Panel's decision on transfer of this action. Plaintiff also argues that its enforcement action should proceed separately from the private actions. This argument is unconvincing, as we often have transferred state enforcement actions to MDLs that involved cases brought by private litigants. *See, e.g., In re: Countrywide Fin. Corp. Mortg. Mktg. and Sales Practices Litig.*, 582 F. Supp. 2d 1373, 1375 (J.P.M.L. 2008). Moreover, the State of Louisiana and

---

[*] Judge Charles R. Breyer took no part in the decision of this matter.

[1] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand or other motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so.

-2-

the MDL plaintiffs make the same allegations concerning defendant State Farm's practices, and the MDL already includes two actions focusing on the Louisiana market.

IT IS THEREFORE ORDERED that this action is transferred to the Middle District of Florida and, with the consent of that court, assigned to the Honorable Gregory A. Presnell for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
                    Sarah S. Vance
                        Chair

Marjorie O. Rendell            Lewis A. Kaplan
Ellen Segal Huvelle            R. David Proctor
Catherine D. Perry

**IN RE: AUTO BODY SHOP ANTITRUST LITIGATION**               MDL No. 2557

**SCHEDULE A**

<u>Middle District of Louisiana</u>

STATE OF LOUISIANA v. STATE FARM FIRE AND CASUALTY COMPANY, ET AL.,
    C.A. No. 3:14-00550