**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

In re: Auto Body Shop Antitrust Litigation        MDL No. 2557

**MOTION TO VACATE CONDITIONAL REMAND ORDER**

Pursuant to Rules of Procedure of the Judicial Panel on Multidistrict Litigation 6.1 and 10.2(e), the undersigned Movants move to vacate the Conditional Remand Order ("CRO") entered by the Judicial Panel on Multidistrict Litigation ("JPML") on August 19, 2020 (Doc. 486), with respect to all cases identified in it (listed in the attached Schedule of Actions). The suggested basis for remand does not further the interests for which this multidistrict litigation ("MDL") was established. Remand of these cases now, while they are still in the pleading stage, will not expedite resolution of the MDL, but rather will delay resolution of the cases and increase the burdens on the judiciary and the parties.

**BACKGROUND**

On August 8, 2014, the JPML established the Auto Body Antitrust Litigation MDL and assigned it to Judge Presnell in the U.S. District Court for the Middle District of Florida (the "Transferee Court"). *In re Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388 (J.P.M.L. 2014). Each Plaintiff asserted various federal and state law claims arising from allegations about reimbursement practices for automobile collision repairs by nearly the entire automobile insurance industry. *Id*. at 1389. The initial transfer order consolidated five cases, but soon the MDL included 27 cases, including the five cases subject to the CRO, filed by hundreds of plaintiffs. *See* Am. Suggestion of Remand, Doc. 485 (discussing the MDL's history).

Over the last six years, the Transferee Court has analyzed dozens of complaints in the similar actions in this MDL, including first and second amended complaints, and issued numerous

substantive rulings on motions to dismiss, objections to reports and recommendations, and motions for reconsideration, all relating to the sufficiency of Plaintiffs' overlapping allegations. The Transferee Court has also actively managed this MDL docket from the start, holding numerous status conferences, and several in-person hearings on various motions.

The Plaintiffs in the five cases presented here initially alleged two claims for violations of the Sherman Act, for price-fixing and group boycotting, and state law claims for unjust enrichment, quantum meruit, and tortious interference. *Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indem. Co.*, 917 F.3d 1249, 1259 (11th Cir. 2019). The Defendants moved to dismiss all the claims, which motions the Plaintiffs opposed in a consolidated brief. *Id.* at 1259. The Transferee Court granted the motions and dismissed the claims. *Id.* at 1260. The Plaintiffs in the five cases appealed that dismissal and, in an *en banc* opinion addressing all of the five cases, the Eleventh Circuit Court of Appeals affirmed the dismissal of all claims, except the tortious interference claims. *Id.* at 1276. The Eleventh Circuit overturned the dismissal of the tortious interference claims, ruling that the District Court had improperly held that the claims were group pled, and remanded to the Transferee Court for further proceedings, including further consideration of motions to dismiss. *Id.* at 1276 n.32 ("We decline to address other possible theories on the basis of which that judgment might have been affirmed (whether on the basis of the merits or other pleading deficiencies, including even other possible group pleading theories)."); Am. Suggestion of Remand, Doc. 485 ("[T]he circuit court noted that its reversal of the tortious interference claims related only to the district court's group pleading rationale, leaving open the question whether the Complaints were subject to a 12(b)(6) dismissal for failure to state a viable claim").

The remaining tortious interference claims in each case all allege that the Defendants "— by means of a campaign of misrepresentation of facts about poor quality, etc.—have repeatedly

steered their insureds away from each named Plaintiff to punish that Plaintiff for complaints about or refusal to submit to the price ceilings and other practices imposed by the named Defendants." *Quality Auto Painting*, 917 F.3d at 1275. These remaining claims arise out of the allegations regarding reimbursement practices for automobile collision repairs that prompted this Panel to consolidate these cases for pretrial proceedings in the first instance. *See In re Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d at 1389-91 (discussing the reasons for consolidation).

Following remand from the Eleventh Circuit, the Transferee Court ordered the Defendants to file a single consolidated supplemental brief as to the five cases pending before the Panel in support of their Motions to Dismiss the Tortious Interference Claims on August 7, 2020. Order, 6:14-md-02557-GAP-EJK, Doc. 350 (addressing briefing on these five cases and three other cases). The Defendants timely filed their consolidated brief, arguing that Plaintiffs had failed to state a claim. Consolidated Br. in Supp. of Defs.' Mots. to Dismiss Pls.' Tortious Interference Claims, 6:14-md-02557-GAP-EJK, Doc. 353. No defendant raised the issue of supplemental jurisdiction. *Id.* The Plaintiffs' filed a single consolidated response on September 4, 2020. Pls.' Br. In Opp'n to Defs.' Mots. To Dismiss Tortious Interference Claims, 6:14-md-02557-GAP-EJK, Doc. 358. They too did not raise the issue of supplemental jurisdiction. *Id.*

The Plaintiffs and the Defendants agree that the Transferee Court should exercise supplemental jurisdiction. 6:14-md-02557-GAP-EJK, Doc. 348. In a Consolidated Joint Stipulation and Report filed on July 10, 2020, the parties stated:

> Counsel for all parties to the pending actions included in these MDL proceedings have conferred again concerning the Court's exercise of supplemental jurisdiction over state law claims in all remaining cases. All counsel acknowledge that this Court and the 11th Circuit have already invested extensive judicial resources into the resolution of these claims. The *Quality* en banc opinion provided significant guidance on the state law claims still before this Court. The panel opinion in the consolidated *Automotive Alignment* case is

>    additionally instructive. All counsel further agree that a single federal forum provides overwhelming efficiencies for all parties and is significantly more advantageous than starting all over again in various state courts which will result in piecemeal and potentially conflicting or inconsistent resolutions. With deference to the Court's discretion, undersigned counsel respectfully advise the Court that, with the exception of [the plaintiffs in a case not at issue here], all of the parties prefer that this Court retain jurisdiction and adjudicate all state law claims.

*Id.*

On August 17, 2020, the Court filed an Amended Suggestion of Remand. Doc. 485. The Suggestion noted that, in these cases, "no discovery has commenced and the parties are still in the process of briefing the tortious interference claims." *Id.* The Suggestion also stated that "[i]f left to my discretion, [the Transferee Court] would decline to exercise pendent jurisdiction over [the remaining] claims." *Id.* However, because in the Transferee Court's view, "this is a decision best left to the respective transferor courts," the Transferee Court suggested the panel remand the cases.

## ARGUMENT

Cases with common questions of fact may be consolidated in an MDL for the "convenience of parties and witnesses" and the promotion of the "just and efficient conduct of such actions." 28 U.S.C. § 1407. When the five cases were transferred to the Middle District of Florida, authority to decide all pretrial matters, including discretionary exercises of jurisdiction, was transferred to that Transferee Court for the convenience of the witnesses and for the just and efficient conduct of the cases. 28 U.S.C. § 1407(b). Remanding these five cases so that four or five transferor courts,[1] instead of the Transferee Court, may decide whether to exercise supplemental jurisdiction over the remaining state law claims will serve neither goal of 28 U.S.C. § 1407. Remand now will create duplicative work for the parties and the transferor courts. First, the parties must separate the

---

[1] Two of the cases are from the District of New Jersey and would likely be in front of one judge.

overlapping and separate state law issues that were just filed together in their consolidated motion to dismiss briefing, and prepare new motions for each of the transferor courts. Second, the transferor courts must familiarize themselves with the history of these cases, even to first decide whether to exercise supplemental jurisdiction. Then, the transferor courts must familiarize themselves with the issues that remain on the motions to dismiss after six years of motion practice, appeals, remand, and rebriefing. Then, if the cases are not dismissed, they will each proceed separately in each of the transferor courts. The courts and the parties will not realize the convenience and efficiencies contemplated when the JPML consolidated the cases for pretrial proceedings because the cases will proceed separately through such proceedings. *Walsh v. Nortel Networks Corp.*, No. 05 CIV. 2344 (LAP), 2007 WL 1946546, at *3 (S.D.N.Y. June 28, 2007) ("[R]emand was not warranted where it 'would require another court to make its own way up [the] learning curve, resulting in just that duplication of efforts that the multidistrict system is designed to avoid.'") (quoting *Kinley Corp v. Integrated Res. Equity Corp.*, MDL No. 897, 1995 WL 234975, at *4 (S.D.N.Y. Apr. 21, 1995)).

### A. The Transferee Court Is Authorized To Resolve Pretrial Matters – Including Discretionary Jurisdictional Issues

The transferee court in an MDL is authorized to address all pretrial matters. 28 U.S.C. § 1407(b) ("The judge or judges to whom such actions are assigned . . . may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings.); *see also In re: Helicopter Crash Near Wendle Creek, British Columbia, on August 8, 2002*, 542 F. Supp. 2d 1362, 1363 (J.P.M.L. 2008) ("'Following a transfer, the transferee judge has all the jurisdiction and powers over pretrial proceedings in the actions transferred to him that the transferor judge would have had in the absence of transfer.'") (quoting *In re "Agent Orange" Prod. Liab. Litigation,* 818 F.2d 145, 163 (2d Cir. 1987)). This statutory

language indicates that Congress intended a transferee court to resolve all pretrial motions before sending the matter back to the transferor court. *In re Donald J. Trump Casino Sec. Litig.—Taj Mahal Litig.*, 7 F.3d 357, 367–68 (3d Cir. 1993), *cert denied*, 510 U.S. 1178 (1994) (discussing the power of transferee courts to terminate cases).

The JPML has recognized the authority of transferee courts to decide jurisdictional questions. *In re Darvocet, Darvon and Propoxyphene Prods. Liab. Litig.*, 939 F. Supp. 2d 1376 (J.P.M.L. 2013) ("We have often held that jurisdiction issues . . . such as absence of a federal question, do not present an impediment to transfer, as plaintiffs can present such arguments to the transferee judge."). This authority to decide jurisdictional questions includes the authority to decide whether to exercise supplemental subject matter jurisdiction. *See, e.g., Grispino v. New England Mut. Life Ins. Co.*, 358 F.3d 16, 19 (1st Cir. 2004) (transferee court has discretion to decide whether to exercise supplemental jurisdiction after federal claims dismissed); *In re Ameriquest Mortg. Co. Mortg. Lending Practices Litig.*, No. MDL 1715, 2013 WL 4718958, at *5 (N.D. Ill. Sept. 3, 2013) (transferee court exercising discretion to retain supplemental jurisdiction over state law claims after federal claims dismissed); *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 335 F. Supp. 2d 126, 132 (D. Me. 2004) (transferee court exercising supplemental jurisdiction over state law claims in an MDL).

The Amended Suggestion of Remand recognizes the Transferee Court's authority to decide whether to exercise supplemental jurisdiction, but declines to make that decision. *See* Doc. 485 at 2 ("[T]his is a decision [(whether to exercise pendent jurisdiction over the claims)] is a decision best left to the respective transferor courts."). But the decision of whether to exercise pendant jurisdiction is the very sort of pretrial motion Section 1407 envisions a *transferee* court will address. *See, e.g., In re CBS Color Tube Patent Litig.*, 342 F. Supp. 1403, 1405 (J.P.M.L. 1972);

(denying motion to remand even though only two cases remained in the MDL, where a motion to sever and transfer was pending because the JPML refrained from "interfering in matters within the discretion of the transferee judge").

### B. Remanding the Cases Now Would Sacrifice Efficiency and Convenience to Resolve a Discretionary Decision

While there is no limit to a transferee court's discretion to suggest remand to the JPML, the latest that an action must be remanded to the transferor court is when "'pretrial proceedings have run their course.'" *In re Asbestos Litig.*, 7 F. Supp. 2d 93, 94 (citing *Lexecon Inc. v. Milberg Weiss*, 523 U.S. 26, 118 S.Ct. 956, 962, 140 L.Ed.2d 62 (1998)); *see also* Manual For Complex Litigation (Fourth) § 22.36 (2004) (indicating completion of pretrial matters is the trigger for remand); *id.* § 22.37 (same). An action is remanded "prior to the completion of coordinated or consolidated pretrial proceedings only upon a showing of good cause." *In re S. Cent. States Bakery Prod. Antitrust Litig*, 462 F. Supp. 388 (J.P.M.L. 1978).

While the Panel gives great weight to the judgment of the transferee court in deciding whether to remand a case, the Panel may decide that remand is not appropriate based on the need for judicial efficiency and where limited pretrial proceedings have been conducted in the transferee court. *In re Great S. Life Ins. Co. Sales Practices Litig.*, 217 F. Supp. 2d 1379, 1379-80 (J.P.M.L. 2002). Remand is appropriate, however, when there is "no efficiency gain to be had by keeping the case before the transferee court." *U.S. ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25, 38 (D.D.C. 2007) (citing a *In re Baseball Bat Antitrust Litig.*, 112 F. Supp. 2d 1175, 1177 (J.P.M.L. 2000), in which the transferee court had terminated nearly all cases save for one case being transferred following the end of pre-trial proceedings). Remand is inappropriate, for example, when continued consolidation will "eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the

judiciary." *In re Silica Prod. Liab. Litig.*, 398 F. Supp. 2d 563, 668 (S.D. Tex. 2005) (citing *In re Heritage Bonds Litig.*, 217 F. Supp. 2d 1369, 1370 (J.P.M.L. 2002).

Remand is not appropriate here because the pretrial proceedings that warranted consolidation in the first instance have not been completed. The parties just filed consolidated briefing on motions to dismiss as to these five cases. The motions address issues with which the Transferee Court is already familiar, and are remarkably similar from case-to-case. The transferor courts, in contrast, have not presided over these matters for the last five years. *See, e.g., In re Helicopter Crash*, 542 F. Supp. 2d at 1363 ("transferee judge has developed a familiarity with the allegations, issues, parties and counsel involved in this docket, which will further the expeditious resolution of the litigation taken as a whole."); *In re Bridgestone/Firestone Inc. Tires Prods. Liab. Litig.*, 2006 U.S. Dist. LEXIS 87752, *3-4 (S.D. Ind. Nov. 14, 2006) (vacating court's own suggestion of remand and granting motion to dismiss where, upon "further review of the extensive history of [the] litigation," "resolution by this [transferee] court of the pending issues is preferable to the referral to another court"). If the cases are transferred, the consolidated briefing the Transferee Court ordered will likely be a nullity because it discusses the law of multiple states related to multiple cases. Time and resources will be expended to prepare new briefing.

The Transferee Court's knowledge and familiarity with parties' contentions is one reason transferee courts keep the cases until all pretrial proceedings have been terminated:

> While the cases must be remanded or transferred upon termination of the pretrial proceedings, the transferee court does have jurisdiction over all pretrial motions and proceedings. This includes both discovery disputes and dispositive motions. Thus, the transferee court may grant partial or complete summary judgment, judgment of dismissal, or judgment upon a stipulation. This power enables the transferee judge, who is the most familiar with the contentions of the parties and the underlying evidence which has been discovered, to narrow the scope of the issues by eliminating

>illusory issues before the cases are sent back to their home jurisdictions for trial.

Statutory structure—Effect of Transfer, Guide to Multistate Litigation § 2:9 (Nov. 2019 Update) (footnotes and citations omitted). The issues pending before the Transferee Court on the consolidated motion have been litigated before, under these and different state laws, and addressed by this Court in the context of these cases, and the other cases consolidated for pretrial proceedings, over the last six years. *See In re Baycol Prod. Litig.*, No. 03-0037MJDSRN, 2008 WL 6259241, at *13 (D. Minn. Sept. 9, 2008) ("The accrual of judicial expertise is central to the multi-district litigation process.").

The suggested reason for remand – so the transferor court may decide whether to exercise pendent jurisdiction – is the type of pretrial motion Section 1407 envisions the transferee court will address, and does not provide the good cause to remand these five cases. *In re Gypsum Wallboard*, 340 F. Supp. 990, 991–92 (J.P.M.L. 1972) (denying motion to remand where a summary judgment motion was pending before the transferee court because the transferee court's "familiarity with this litigation affords the parties the opportunity of an expeditious resolution of [the] motion"). Nothing in Section 1407 suggests jurisdictional matters should not be addressed by transferee courts – or that transferee courts cannot address jurisdictional matters as well as transferor courts.

The Amended Suggestion seems to envision that the transferor courts will decline to exercise pendent jurisdiction in each of these five cases. But each transferor court may decide the opposite, and exercise supplemental subject matter jurisdiction. If that happens, the cases will proceed individually, in separate courts, without the efficiency and convenience of the MDL. And if the transferor courts deny the pending 12(b)(6) motions, discovery and other pretrial proceedings will proceed separately. As the Amended Suggestion notes, no discovery has commenced in these

five cases. Even if the motions to dismiss are granted, appeals would proceed in four circuits, instead of one, as they proceeded (in a consolidated proceeding) following the first dismissal.

The Amended Suggestion of Remand does not indicate that the purpose of the MDL – consolidated pre-trial proceedings – has been completed, and they have not been. It is true that the Panel accords "great weight" to a transferee court's suggestion of remand, because such a suggestion indicates "he perceives his role under Section 1407 to have ended." *In re Multidistrict Civil Actions Involving Air Crash Disaster Near Dayton, Ohio*, *on Mar. 9, 1967*, 386 F. Supp. 908, 909 (J.P.M.L. 1975). Movants respectfully disagree with the transferee court's suggestion of remand here, and contend that retaining these cases in the MDL would promote the just and efficient conduct of this litigation, and remand now would be premature.

## **CONCLUSION**

For the reasons described above, Movants request that this Panel vacate the CRO and decline to remand the five cases to their transferor courts.

Dated this 10th day of September, 2020.

RESPECTFULLY SUBMITTED,

| | |
|---|---|
| */s/ Dan W. Goldfine* <br> Dan W. Goldfine <br> HUSCH BLACKWELL LLP <br> 2415 East Camelback Road, Suite 420 <br> Phoenix, AZ 85016 <br> Telephone: (480) 824-7900 <br> Facsimile: (480) 824-7905 <br> Dan.Goldfine@huschblackwell.com <br><br> *Counsel for Defendants GEICO General Insurance Company, GEICO Casualty Company, GEICO Indemnity Company, Government Employees Insurance Company, GEICO Advantage Insurance Company, GEICO Choice Insurance Company, and GEICO Secure Insurance Company* | */s/ Richard L. Fenton* <br> Richard L. Fenton <br> DENTONS US LLP <br> 233 S. Wacker Dr., Suite 5900 <br> Chicago, IL 60606 <br> Telephone: (312) 876-8000 <br> Facsimile: (312) 876-7934 <br> richard.fentons@dentons.com <br> jacqui.giannini@dentons.com <br><br> *Counsel for Defendants Allstate Fire and Casualty Insurance Company, Allstate Indemnity Company, Allstate Insurance Company and Allstate Property and Casualty Insurance Company, Esurance Property & Casualty Insurance Company, Esurance Insurance Company, Allstate New Jersey Insurance Company, and Allstate New Jersey Property and Casualty Insurance Company, Attorneys for Allstate New Jersey Insurance Company, and Allstate New Jersey Property and Casualty Insurance Company* |
| */s/ Kenneth F. Hardt* <br> Kevin V. Logan, Esq. (VSB #19153) <br> Kenneth F. Hardt, Esq. (VSB #23966) <br> SINNOTT, NUCKOLS & LOGAN, P.C. <br> 13811 Village Mill Drive <br> Midlothian, Virginia 23114 <br> (804) 893-3855 <br> (804) 378-2610 (Facsimile) <br> klogan@snllaw.com <br> khardt@snllaw.com <br><br> *Counsel for Defendant Virginia Farm Bureau Town and Country Insurance Company* | */s/ Seth A. Schmeeckle* <br> Seth A. Schmeeckle, Trial Counsel <br> Louisiana Bar No. 27076 <br> LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD, A LAW CORP. <br> 601 Poydras Street, Suite 2775 <br> New Orleans, LA 70130 <br> Telephone:  (504) 568-1990 <br> Fax:  (504) 310-9195 <br> sschmeeckle@lawla.com <br><br> *Counsel for Defendant The Hanover Insurance Company* |
| */s/ E.K. Cottrell* <br> E.K. Cottrell <br> Florida Bar No. 0013579 <br> SMITH, GAMBRELL & RUSSELL, LLP <br> 50 N. Laura Street, Suite 2600 <br> Jacksonville, Florida 32202 <br> Telephone: (904) 598-6100 | */s/ P. Bruce Converse* <br> P. Bruce Converse <br> DICKINSON WRIGHT, PLLC <br> 1850 N. Central Avenue, Suite 1400 <br> Phoenix, Arizona 85004 <br> 602-285-5023 |

Facsimile: (904) 598-6300
Email: ecottrell@sgrlaw.com
*Counsel for Defendant Dairyland Insurance Company*

*/s/ Timothy J. Rooney*
Timothy J. Rooney
WINSTON & STRAWN, LLP
35 W Wacker Dr, Suite 4200
Chicago, IL 60601
312/558-5972
Fax: 312-558-5700
Email: trooney@winston.com

Laura E. Besvinick
STROOCK & STROOCK & LAVAN, LLP
200 S Biscayne Blvd Ste 3100
Miami, FL 33131-5323
305-789-9395
Fax: 305-789-9302
Email: lbesvinick@stroock.com

Michael E. Nitardy
FROST, BROWN, TODD, LLC – Florence
7310 Turfway Road
Suite 210
Florence, KY 41042
859-817-5900
Fax: 859-283-5902
Email: mnitardy@fbtlaw.com

*Counsel for Defendants The Travelers Home and Marine Insurance Company, Travelers Property Casualty Company of America, Travelers Casualty and Surety Company of America, Travelers Casualty Insurance Company of America, The Travelers Indemnity Company of Connecticut, Travco Insurance Company, Travelers Commercial Insurance Company, and Travelers Property Casualty Insurance Company*

*Counsel for Defendants Metropolitan Property and Casualty Insurance Company, Metropolitan Direct Property and Casualty Insurance Company, and Metropolitan Casualty Insurance Company in No. 6:14-cv-06018 only*

*/s/ Michael P. Kenny*
Michael P. Kenny
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: mike.kenny@alston.com

*Counsel for Defendants State Farm Mutual Automobile Insurance Company, State Farm Fire and Casualty Company, State Farm Indemnity Company, and State Farm Guaranty Insurance Company*

| | |
|---|---|
| /s/ Anderson T. Bailey<br>Anderson T. Bailey<br>Jones Day<br>500 Grant Street, Suite 4500<br>Pittsburgh, Pennsylvania 15219<br>Tel: (412) 391-3939<br>Fax: (412) 394-7959<br>atbailey@jonesday.com<br><br>*Counsel for Defendant Erie Insurance Exchange* | /s/Robert L. Steinmetz<br>Robert L. Steinmetz<br>GWIN STEINMETZ & BAIRD, PLLC<br>401 W. Main Street, Suite 1000<br>Louisville, KY 40202<br>Main: 502-618-5700<br>Fax: 502-618-5701<br>email: rsteinmetz@gsblegal.com<br><br>*Counsel for Safe Auto Insurance Company* |
| /s/ David L. Yohai<br>David L. Yohai<br>John P. Mastando III<br>Eric S. Hochstadt<br>WEIL GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: 212-310-8000<br>Facsimile: 212-310-8007<br>Email: david.yohai@weil.com<br>Email: john.mastando@weil.com<br>Email: eric.hochstadt@weil.com<br><br>*Counsel for Defendants 21st Century Centennial Insurance Company, 21st Century Assurance Company, and 21st Century Pinnacle Insurance Company, Farmers Insurance Company, Inc. (incorrectly named as Farmers Insurance Company)* | /s/ Michael B. de Leeuw<br>Michael B. de Leeuw<br>John J. Sullivan<br>COZEN O'CONNOR<br>45 Broadway, Suite 1600<br>New York, NY 10006<br>P: (212) 509-9400<br>F: (212) 509-9492<br>MdeLeeuw@cozen.com<br>JSullivan@cozen.com<br><br>*Attorneys for Defendant AIG Property Casualty Company* |
| /s/ Thomas A. French<br>Thomas A. French<br>Attorney I.D. No. PA 39305<br>BARLEY SNYDER LLP<br>213 Market Street, 12th Floor<br>Harrisburg, PA 17101<br>Telephone: (717) 231-6625<br>Facsimile: (717) 344-5373<br>Email: tfrench@barley.com<br><br>*Counsel for Defendant Donegal Mutual Insurance Company* | /s/ R. Bradley Best<br>R. Bradley Best<br>HOLCOMB DUNBAR WATTS BEST MASTERS & GOLMON, PA<br>P.O. Drawer 707<br>400 Enterprise Dr.<br>Oxford, MS 38655<br>Tel: (662) 234-8775<br>Fax: (662) 238-7552<br>bradbest@holcombdunbar.com<br><br>*Counsel for Defendants Shelter General Insurance Company (Case No. 15-14178-AA) and Shelter Mutual Insurance Company (Case Nos. 15-14178-AA and 15-14180-AA)* |

| | |
|---|---|
| */s/ Michael H. Carpenter*<br>Michael H. Carpenter<br>Michael N. Beekhuizen<br>David J. Barthel<br>Carpenter Lipps & Leland LLP<br>280 Plaza, Suite 1300<br>280 North High Street<br>Columbus, Ohio 43215<br>(614) 365-4100 telephone<br>(614) 365-9145 facsimile<br>carpenter@carpenterlipps.com<br>beekhuizen@carpenterlipps.com<br>barthel@carpenterlipps.com<br><br>*Counsel for Defendants Nationwide Mutual Insurance Company, Nationwide Affinity Insurance Company of America, Nationwide Insurance Company of America, Nationwide Property and Casualty Insurance Company, Nationwide General Insurance Company, Nationwide Mutual Fire Insurance Company, Allied Property and Casualty Insurance Company, and*<br>*Harleysville Preferred Insurance Company* | */s/ Lori McAllister*<br>Lori McAllister (P39501)<br>DYKEMA GOSSETT PLLC<br>201 Townsend, Suite 900<br>Lansing, MI  48933<br>(517) 374-9150<br>lmcallister@dykema.com<br><br>*Counsel for Defendant Auto-Owners Insurance Company* |
| */s/ Hal K. Litchford*<br>Hal K. Litchford (Fla. Bar No. 272485)<br>Kyle A. Diamantas (Fla. Bar No. 106916)<br>BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC<br>SunTrust Center<br>200 South Orange Avenue<br>Post Office Box 1549<br>Orlando, Florida 32802<br>Telephone: (407) 422-6600<br>Facsimile: (407) 841-0325<br>Email:  hlitchford@bakerdonelson.com<br>Email:  kdiamantas@bakerdonelson.com<br>     -and-<br>Amelia W. Koch<br>BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC<br>201 St. Charles Avenue, Suite 3600<br>New Orleans, Louisiana 70170<br>Telephone: (504) 566-5200<br>Facsimile: (504) 636-4000 | */s/ Michael E. Mumford*<br>Michael E. Mumford<br>Ernest E. Vargo<br>BAKER HOSTETLER LLP<br>Key Tower<br>127 Public Square, Suite 2000<br>Cleveland, Ohio 44114<br>Telephone: 216.621.0200<br>Facsimile: 216.696.0740<br>Email:  mmumford@bakerlaw.com<br>Email:  evargo@bakerlaw.com<br><br>*Counsel for Defendants Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, Safeco Insurance Company of America, Safeco Insurance Company of Illinois, Liberty Mutual Mid-Atlantic Insurance Company, LM Insurance Corporation, LM General Insurance Company, Liberty Insurance* |

| | |
|---|---|
| Email: akoch@bakerdonelson.com<br>Email: sgriffith@bakerdonelson.com<br><br>*Counsel for Defendants USAA Casualty Insurance Company; USAA General Indemnity Company; United Services Automobile Association* | *Corporation, General Insurance Company of America, State Automobile Mutual Insurance Company, State Auto Property and Casualty Insurance Company, Grange Mutual Casualty Company, and Grange Property & Casualty Insurance Company* |
| /s/ Michael R. Nelson<br>Michael R. Nelson<br>NELSON LAW, LLC<br>200 Park Avenue, Suite 1700<br>New York, NY 10166<br>Telephone:  (212) 457-1668<br>Facsimile:  (646) 766-9945<br>nelson@nelson.legal<br><br>-and -<br><br>/s/ Kymberly Kochis<br>Kymberly Kochis<br>EVERSHEDS SUTHERLAND (US) LLP<br>1114 Avenue of Americas<br>The Grace Building, 40th Floor<br>New York, New York 10036<br>Telephone: (212) 389-5000<br>Facsimile: (212) 389-5099<br>kymkochis@eversheds-sutherland.com<br><br>*Counsel for Defendants Progressive Freedom Insurance Company, Progressive Garden State Insurance Company, Progressive Advanced Insurance Company, Progressive Casualty Insurance Company, Progressive Direct Insurance Company, Progressive Preferred Insurance Company, Progressive Northwestern Insurance Company* | /s/ Elizabeth S. Skilling<br>Elizabeth S. Skilling<br>Harman Claytor Corrigan & Wellman<br>P.O. Box 70280<br>Richmond, Virginia 23255<br>Telephone: (804) 762-8016<br>Facsimile: (804) 747-6085<br>Email: eskilling@hccw.com<br><br>*Attorney for Alfa Vision Insurance Corporation and Alfa Specialty Insurance Corporation* |

| | |
|---|---|
| */s/ Michael S. McCarthy*<br>Michael S. McCarthy,<br>Colorado Atty. No. 6688<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>1144 15th Street, Suite 3400<br>Denver, CO 80202<br>Tel. (303) 607-3703<br>Fax (303) 607-3600<br>Email: michael.mccarthy@faegredrinker.com<br><br>Sarah C. Jenkins,<br>Indiana Atty. No. 26421-53<br>300 North Meridian Street, Suite 2500<br>Indianapolis, IN 46204<br>Tel. (317) 237-0300<br>Fax (317) 237-1000<br>Email: Sarah.jenkins@faegredrinker.com<br><br>*Counsel for Defendants American Family Mutual Insurance Company & American Standard Insurance Company of Wisconsin* | */s/ Matthew C. Blickensderfer*<br>Matthew C. Blickensderfer<br>FROST BROWN TODD LLC<br>3300 Great American Tower<br>301 East Fourth Street<br>Cincinnati, Ohio 45202<br>mblickensderfer@fbtlaw.com<br>(513) 651-6162<br><br>*Counsel for the Cincinnati Insurance Company* |
| */s/ Turner A. Broughton*<br>Turner A. Broughton (VSB No. 42627)<br>Williams Mullen<br>200 South 10th Street, Suite 1600<br>Richmond, VA  23219<br>Phone: (804) 420-6000<br>Fax: (804) 420-6507<br>Email:  tbroughton@williamsmullen.com<br><br>*Attorney for Defendant Elephant Insurance Services, Inc.* | |